IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER RICHTER, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 18-4279 |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

Heather Richter ("Richter" or "Plaintiff") seeks review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] For the reasons that follow, Richter's Request for Review will be DENIED.

**I.  PROCEDURAL HISTORY AND BACKGROUND**

Richter was born on March 2, 1977. R. at 21.[2] She has at least a high school education and is able to communicate in English. Id. She has previous work experience as a housekeeper/cleaner and childcare worker. Id. On January 16, 2015, Richter protectively filed an application for DIB pursuant to Title II of the Social Security Act (the "Act"). Id. at 15. On January 30, 2015, she protectively filed an application for SSI pursuant to Title XVI of the Act. Id. She alleged that she had become disabled on January 21, 2014, due to degenerative disc

---

[1]  In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. See Doc. Nos. 3, 9.

[2]  Citations to the administrative record will be indicated by "R." followed by the page number.

disorder and spinal stenosis.  Id. at 168.  Her applications were initially denied on August 4, 2015.  Id. at 15.  Richter then filed a written request for a hearing on August 12, 2015.  Id.  A hearing before an Administrative Law Judge ("ALJ") was held on April 20, 2017.  Id. at 26-43.  On August 7, 2017, the ALJ issued an opinion finding that Richter was not disabled.  Id. at 12-25.  Richter filed a timely appeal with the Appeals Council on August 14, 2017.  Id. at 122-23.  On August 10, 2018, the Appeals Council denied Richter's request for review, thereby affirming the decision of the ALJ as the final decision of the Commissioner.  Id. at 1-6.  Richter then commenced this action in federal court.

## II.     THE ALJ'S DECISION

To prove disability, a claimant must demonstrate some medically determinable basis for a physical or mental impairment that prevents him or her from engaging in any substantial gainful activity for a 12-month period.  42 U.S.C. § 423(d)(1); accord id. § 1382c(a)(3)(A).  As explained in the applicable agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled.  (ii) At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.  (iii) At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled.  (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled.  (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make an adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled.

2

20 C.F.R. § 404.1520 (references to other regulations omitted); accord id. § 416.920.

In his decision, the ALJ found that Richter suffered from the following severe impairments: degenerative disc disorder, spinal stenosis and obesity. R. at 17. The ALJ did not find that any impairment, or combination of impairments, met or medically equaled a listed impairment and determined that Richter retained the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1537(a) and 416.967(a). R. at 17-18. Based on Richter's RFC, the ALJ found that a finding of "not disabled" was directed by the Medical Vocational Guidelines in 20 C.F.R. Part 404, Subpart P, Appendix 2. R. at 21. Accordingly, the ALJ found that Richter was not disabled. Id. at 22.

## III. DISCUSSION

Richter argues that the ALJ's RFC determining that she could perform a full range of sedentary work was not supported by substantial evidence. Pl.'s Br. (Doc. No. 14) at 3-27. This contention is without merit.

The role of the court in reviewing an administrative decision denying benefits in a Social Security matter under 42 U.S.C. § 405(g) is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001); see also Richardson v. Perales, 402 U.S. 389, 401 (1971); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is a deferential standard of review. See Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)

(Substantial evidence "'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting Pierce v. Underwood, 487 U.S. 552, 564-65 (1988))). A reviewing court may not undertake a de novo review of the Commissioner's decision in order to reweigh the evidence. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986). The court's review is plenary as to the ALJ's application of legal standards. Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995).

Here, Richter contends that the ALJ erred in failing to give the opinion of her treating physician, Dr. Jeffrey Radecki, substantial weight. Pl.'s Br. at 19-27. Under applicable regulations and controlling case law, "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(d)(2)); accord 20 C.F.R. § 416.927(c)(2). The regulations provide that for claims filed before March 27, 2017, such as Richter's, a treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If an ALJ does not afford a treating physician's opinion controlling weight, he or she may instead give it "more or less weight depending upon the extent to which supporting explanations are provided." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Factors to be considered by the ALJ in assigning appropriate weight to a medical opinion include the following: the length of the treating relationship and frequency of examination; the nature and extent of the treating relationship; supportability; consistency; specialization; and other relevant factors. 20 C.F.R.

4

§§ 404.15257(c)(1)-(6), 416.927(c)(1)-(6).

In rejecting a physician's assessment, however, an ALJ may not make "speculative inferences from medical reports" and may not reject a treating physician's opinion "due to his or her own credibility judgments, speculation or lay opinion." Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000) (internal quotation marks omitted). An ALJ must explain on the record his or her reasons for disregarding a physician's opinion. Brewster v. Heckler, 786 F.2d 581, 585 (3d Cir. 1986). While it is essential that an ALJ set forth reasons for his or her decision, an ALJ is not required to use particular language or adhere to a specific formula or format in conducting the analysis. Jones, 364 F.3d at 505. The ALJ need only provide a "'discussion of the evidence' and an 'explanation of reasoning' for his [or her] conclusion sufficient to enable meaningful judicial review." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009) (quoting Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20 (3d Cir. 2000)).

In this case, Dr. Radecki completed a Residual Functional Capacity Questionnaire (Physical) dated March 28, 2017. R. at 415-18. On this form, Dr. Radecki opined that, during a typical workday, Richter's pain would "frequently" be severe enough to interfere with her attention and concentration. Id. at 416. As a result of Richter's impairments, Dr. Radecki determined that Richter could sit for less than a total of one hour and stand and walk for less than a total of one hour in an eight-hour workday. Id. He also found that Richter could occasionally lift and carry less than 10 pounds, but never lift or carry anything greater than 10 pounds. Id. He indicated that Richter did not have any issues with her upper extremities. Id. at 417. In his form, he did not provide any explanation for Richter's functional limitations, but simply referred to "OV," meaning office visits. See id. at 415-18.

In support of his assessment, Dr. Radecki attached a copy of his treatment notes dated

December 12, 2016. See id. at 419-21. In these treatment notes, Dr. Radecki diagnosed Richter with spondylolisthesis of the lumbosacral region. Id. at 419. He stated that Richter was experiencing lower leg and back pain since January 21, 2014, related to the time after she had given birth to her daughter. Id. Dr. Radecki noted that Richter's previous doctor recommended surgery, but that Richter was "concerned about surgery due to extensive maternal history of brain aneurysms." Id. (capitalization omitted). During this visit, she reported relief with Lyrica, but requested an increased dose. Id. Upon physical examination, Dr. Radecki noted that her gait was symmetric and non-antalgic with symmetric stride length and cadence. Id. at 420. He found no instability or asymmetry in the limbs. Id. Her lumbar range of motion was limited with extension, but her hip range of motion was full and pain free bilaterally. Id. Dr. Radecki indicated that Richter's muscle strength was "5/5 bilaterally with no focal deficits EXCEPT bilateral EHL weakness 4/5." Id. Richter's muscle bulk and tone were normal, and her "[s]itting slump maneuver [wa]s negative bilaterally." Id. Dr. Radecki diagnosed her with spondylolisthesis of the lumbosacral region and left lumbar radiculopathy and recommended an increased dose of Lyrica. Id. Richter was instructed to call the office or schedule a follow-up visit if her symptoms did not improve, continued, or worsened. Id.

The ALJ did not reject Dr. Radecki's opinion, but gave it "some, but not substantial, weight." Id. at 20. In particular, the ALJ determined that "[t]he significant limitation on the claimant's sitting is not consistent with the balance of the medical evidence of record, and it is not supported by, or consistent with, the preponderance of Dr. Radecki's treatment records; nor is it supported by the claimant's statement regarding her activities of daily living in a function reported dated July 8, 2015, and in her testimony wherein she described her activities that include[d] providing childcare for her young daughter." Id. (internal citations to the record

omitted).

Here, Richter argues that the ALJ erred in not adopting the limitations to which Dr. Radecki opined, which were substantially more restrictive than those included in the RFC and would preclude any substantial gainful activity. However, the ALJ discussed Dr. Radecki's opinion in substantial detail and provided a sufficient basis for giving the opinion some, as opposed to controlling weight. The ALJ correctly noted that Richter's treatment records did not support the severe limitations expressed in Dr. Radecki's opinion. For example, Richter first sought treatment with Dr. Radecki at the Lehigh Valley Physician Group on July 10, 2015. Id. at 345. As the ALJ summarized, although she appeared to be in moderate distress due to pain, her gait was asymmetric and mildly antalgic with asymmetric stride length and cadence, there was no indication of instability in the claimant's limbs, no scoliotic curves or obvious deformities, her hip range of motion was full and pain free, her bilateral muscle strength was 5/5 with no focal deficits, and her sensation was grossly intact. Id. She was diagnosed with spondylolisthesis and right lumbar radiculopathy and was prescribed Lyrica. Id. Throughout her course of treatment with Dr. Radecki, she continued to be prescribed Lyrica and received multiple epidural injections. Id. at 347, 356, 358, 361, 363. Although Dr. Radecki discussed the possibility of surgery, he noted that Richter had a history of aneurysms in her family and was reluctant to pursue surgery. Id. at 347, 350. During her course of treatment, she received an MRI on August 9, 2016, which revealed "severe left L5 narrowing." Id. at 350. Ultimately, on December 12, 2016, the last treatment record from Dr. Radecki[3] and the medical record Dr. Radecki attached to support his Residual Functional Capacity Questionnaire, Richter reported

---

[3] The medical record also contains documentation that, on March 8, 2017, Dr. Radecki ordered a shower chair for Richter. R. at 405. However, it does not appear that there was an office visit associated with this order.

7

that she did not receive much relief from the injections, but received relief from Lyrica and requested an increased dose. Id. at 363. Dr. Radecki increased her Lyrica. Id. at 364. Dr. Radecki's records, therefore, did not support his conclusion that Richter could not even sit, walk, or stand for a total of one hour in an eight-hour workday. See id. at 416. It is firmly-established law that when a medical opinion is not supported by the claimant's medical records, an ALJ is not required to give it significant weight. See Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 148 (3d Cir. 2007) ("A lack of evidentiary support in the medical record is a legitimate reason for excluding claimed limitations from the RFC."); Newhouse, 753 F.2d at 286 (same).

Moreover, additional medical records from other providers similarly do not support the work-preclusive limitations included in Dr. Radecki's opinion. For example, throughout her treatment, Richter was repeatedly noted to walk unassisted with a normal non-antalgic gait and stride, denied joint stiffness, and negative straight leg raise test. Id. at 19, 236, 253, 275-77, 403; see also id. at 348, 359, 364, 420. The ALJ also cited to physical therapy treatment notes, wherein Richter reported that she had a "very good quality of life/health," had "no difficulty driving, sitting, or lifting," and was "okay if [she was] sitting down." Id. at 19, 275. Following physical therapy treatment sessions, Richter's pain improved to the point that she often had "no pain complaints." Id. at 284, 290, 298, 318, 320.[4]

In addition, the state agency physician, Ann C. Zaydon, M.D., opined that Richter could

---

[4] Richter maintains that the ALJ failed to consider "a great deal of probative evidence." Pl.'s Br. at 11. However, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004). Nor does "the ALJ's mere failure to cite specific evidence . . . establish that the ALJ failed to consider it." Phillips v. Barnhart, 91 F. App'x 775, 780 n.7 (3d Cir. 2004) (citations omitted). Here, the ALJ fully discussed Richter's medical care and summarized her treatment history. R. at 19-20. The ALJ credited some of Richter's complaints, determined that the record supported a finding that she retained the RFC to perform sedentary work, and adequately explained the reasoning underlying his determination. See id.

perform "light work." Id. at 60. Dr. Zaydon found that Richter could occasionally lift and/or carry up to 20 pounds, and frequently lift and/or carry up to 10 pounds. Id. at 58. She also indicated that Richter could stand and/or walk for a total of approximately six hours in an eight-hour workday and sit for six hours in an eight-hour workday. Id. Dr. Zaydon opined that Richter's ability to push and pull was limited in her right lower extremity, and that she was also limited to occasionally climbing ramps, stairs, ladders, ropes, or scaffolds and crouching; could never crawl; but could frequently balance and stoop. Id. at 58-59. Dr. Zaydon also determined that, with respect to environmental limitations, Richter should avoid concentrated exposure to extreme cold and wetness, and avoid even moderate exposure to hazards. Id. at 59. The ALJ accorded this assessment only "some weight," concluding that he was "inclined to give the claimant the benefit of the doubt and limit her assessment to a full range of sedentary work-related physical activity." Id. at 20. Although Richter asserts, without any legal support, that the opinion of the state agency "could never constitute . . . 'contrary medical evidence' . . . or satisfy the 'substantial evidence' standard," Pl.'s Br. at 24, the ALJ was entitled to take into consideration this medical opinion in formulating the RFC. See, e.g., Plummer, 186 F.3d at 429 (holding that "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit"); see also Salerno v. Comm'r of Soc. Sec., 152 F. App'x 208, 209-10 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner); Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991) (contradictory opinions by state agency physicians provided a sufficient basis for refusing to give a treating physician's conclusory opinion controlling weight).

9

Richter also challenges the accuracy of the ALJ's characterization of her activities of daily living. Pl.'s Br. at 10. A review of the record reveals that the ALJ's characterization of Richter's activities is a fair one. As the ALJ noted, Richter "spen[t] her days watching television" and independently cared for her infant daughter as her full-time caregiver. R. at 18, 20, 31, 185, 363. As summarized by the ALJ, see id. at 19, in her Function Report, Richter acknowledged that she continues to clean, do laundry, cook, and care full time for her infant daughter, which involved cooking, cleaning, playing, and bathing, among other activities. Id. at 185-86. She reported that she was able to drive a car and would go out alone. Id. at 187; see also id. at 275 (reporting "no difficulty driving, sitting, or lifting"). She also advised that she enjoyed playing with her daughter, which she would do "daily and well." Id. at 188. Richter does not deny that she was able to do these activities, but instead contends that the ALJ erred by failing to include, in his summary, the limitations on these activities that she reported. Pl.'s Br. at 10. In determining a claimant's RFC, however, the ALJ is only required to include limitations credibly established by medical evidence and not every limitation alleged. Rutherford, 399 F.3d at 554. Far from rejecting Richter's allegations entirely, the ALJ incorporated many limitations related to Richter's complaints in her RFC finding. Based, in part, on her activities of daily living, the ALJ determined that although Richter was not entirely disabled, she still was subject to a restrictive RFC in which she was only capable of sedentary work. See R. at 18. Ultimately, the burden is on Richter to establish limitations beyond those already incorporated into the ALJ's RFC findings. Here, Richter failed to satisfy her burden that the extensive restrictions in the

RFC did not adequately account for the limitations caused by her impairments.[5]

Because the ALJ in this case properly explained the lack of support for Dr. Radecki's opinion after a review of the entirety of the record, his decision to afford some weight to it was supported by substantial evidence.[6]

## IV. CONCLUSION

For the reasons set forth above, I find that the ALJ's findings are supported by substantial evidence. Accordingly, Plaintiff's Request for Review is DENIED. An appropriate Order

---

[5] To the extent that Richter also challenges the ALJ's assessment of her credibility, the burden is once again on the claimant to satisfy the fact finder that the subjective pain is real and of disabling severity. Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971); Lyons v. Heckler, 638 F. Supp. 706, 710 (E.D. Pa. 1986). A finding that a claimant's testimony regarding his or her symptoms is inconsistent with the medical evidence is a legitimate basis for an ALJ to discount the claimant's testimony. Joyce v. Shalala, No. 94-1901(JCL), 1997 WL 998582, at *7 (D.N.J. Oct. 17, 1997) ("[T]he Secretary may evaluate the credibility of the plaintiff's complaints and render an independent judgment in light of the medical findings and other evidence regarding the true extent of such symptomology."); see also Showell v. Colvin, No. CV 14-7081, 2016 WL 3599569, at *5 (E.D. Pa. July 1, 2016); Perry v. Barnhart, No. 02-1289, 2003 WL 22423199, at *8 (E.D. Pa. Sept. 26, 2003); Riggsbee v. Shalala, No. 93-5768, 1995 WL 847944, at *8 (D.N.J. June 29, 1995), aff'd sub nom. Riggsbee v. Chater, 82 F.3d 406 (3d Cir. 1996); Druckenmiller v. Sullivan, No. 88-6300, 1990 WL 87383, at *4 (E.D. Pa. June 18, 1990). "Given [his or] her opportunity to observe an individual's demeanor, the ALJ's credibility determinations are entitled to great deference and may not be discarded lightly." Cowley v. Comm'r of Soc. Sec., No. CV 16-4800 (JBS), 2017 WL 4548265, at *9 (D.N.J. Oct. 12, 2017) (citing Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003)); see also id. (ALJ's credibility determination will not be set aside "unless it is 'inherently incredible or patently unreasonable." (quoting St. George Warehouse, Inc. v. NLRB, 420 F.3d 294, 298 (3d Cir. 2005))). Here, the ALJ gave legally valid reasons for discounting Richter's credibility, but ultimately he did not reject her subjective complaints outright.

[6] In her brief, Richter also challenges the ALJ's finding that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Pl.'s Br. at 27-29. Once again, however, Richter's underlying argument is that the ALJ erred in rejecting the limitations expressed in Dr. Radecki's opinion. Id. at 28. Richter alleges that, had the ALJ incorporated the restrictions on standing and walking in Dr. Radecki's opinion in the RFC, Richter would be unable to perform any substantial gainful activity based on the testimony of the vocational expert at the hearing. Id. However, as explained supra, the ALJ's RFC, and his decision to give Dr. Radecki's opinion only some weight, were supported by substantial evidence.

follows.

Dated: September 24, 2019

BY THE COURT:


*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE